1
2
3
4                            UNITED STATES DISTRICT COURT
                            WESTERN DISTRICT OF WASHINGTON
5                                     AT TACOMA
6   Darnell McGary,
                                                    Case No. 3:22-cv-5310-DGE
7                              Plaintiff,
                                                    ORDER TO SHOW CAUSE
8            v.
9   Jay Inslee, et al., ,
10                            Defendants.

11          This matter is before the Court on plaintiff's filing of a civil rights complaint. Dkt.

12   1-1. Plaintiff has applied for *in forma pauperis* status in this matter and is proceeding *pro

13   se*. Considering deficiencies in the complaint discussed below, however, the

14   undersigned will not grant plaintiff's IFP motion or direct service of the complaint at this

15   time. On or before **July 1, 2022**, plaintiff must either show cause why this cause of

16   action should not be dismissed or file an amended complaint.

17          Plaintiff states that he brings this action pursuant to 42 U.S.C. §§ 1981,1983,

18   1985. Dkt. 1-1, proposed complaint, at 3. He claims that he was involuntarily committed

19   as a sexually violent predator to the Washington State Department of Social and Health

20   Services, by a person acting under the color of state law; and (2) the conduct of various

21   persons in Washington and New Mexico, named as defendants, deprived him of a

22   federal constitutional or statutory right. *See,* Dkt. 1-1, proposed complaint at 2, 7-13.

23   *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989).

24
25

ORDER TO SHOW CAUSE - 1

**DISCUSSION**

**I.  42 U.S.C. § 1983**

To state a valid § 1983 claim, a plaintiff must allege that he suffered a specific injury because of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must "include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)). The allegations in the complaint must be more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly,* 550 U.S. at 555-557.

Here, Plaintiff's complaint contains vague, conclusory, and implausible allegations. Several of plaintiff's allegations also appear to be frivolous. Plaintiff asserts defendants conspired with each other, but he does not explain what specific actions each defendant allegedly took that violated his rights. For example, he alleges the Governor of Washington and the Governor of New Mexico have violated his rights, but he makes no specific allegations of acts or omissions, or how those acts or omissions caused constitutional violations, concerning either of these governors.

For any complaint under 42 U.S.C. Section 1983 to go forward, plaintiff would be required to allege facts identifying specific defendants --person(s) that allegedly violated his rights, stating when and describing how they violated his rights, and a connection

1   between the acts (or failure to act) of the defendant(s) and a constitutional violation. He

2   may accomplish this by filing an amended complaint with short, plain statements telling

3   the Court: (1) the constitutional right he believes was violated; (2) name of the person

4   who violated the right; (3) when and what that individual did or failed to do; (4) how that

5   person's acts or failures to act are connected to the violation of his constitutional rights;

6   and (5) what specific injury or harm he suffered because of that person's acts or

7   omissions.  See *Rizzo v. Goode*, 423 U.S. 362, 371–72 (1976).

8       Conclusory allegations that a defendant or a group of defendants have violated a

9   constitutional right are not acceptable and will be dismissed.

10      In the following paragraphs, some of the legal standards that *may* apply to

11  plaintiff's claims are set forth. Plaintiff should carefully review the standards and amend

12  only those claims that he believes, in good faith, are cognizable.

13  **A. Conspiracy**

14      A civil conspiracy is a combination of two or more persons who, by some

15  concerted action, intend to accomplish some unlawful objective for the purpose of

16  harming another which results in damage. *Gilbrook v. City of Westminster*, 177 F.3d

17  839, 856 (9th Cir. 1999). To prove a civil conspiracy, the plaintiff must show that the

18  conspiring parties reached a unity of purpose or common design and understanding, or

19  a meeting of the minds in an unlawful agreement.  *Id*. To be liable, each participant in

20  the conspiracy need not know the exact details of the plan, but each participant must at

21  least share the common objective of the conspiracy.  *Id*.  A defendant's knowledge of

22  and participation in a conspiracy may be inferred from circumstantial evidence and from

23  evidence of the defendant's actions. *Id*. at 856–57. Conclusory allegations of conspiracy

24

25

are not enough to support a § 1983 conspiracy claim.  *Burns v. County of King*, 883

F.2d 819, 821 (9th Cir.1989) (per curiam).

If plaintiff intends to pursue this claim, he should include all of his factual

allegations of the conspiracy against specifically named defendants in one section of his

amended complaint.

**B.  Equal Protection**

"The Equal Protection Clause of the Fourteenth Amendment commands that no

State shall 'deny to any person within its jurisdiction the equal protection of the laws,'

which is essentially a direction that all persons similarly situated should be treated

alike."  *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (quoting

*Plyler v. Doe*, 457 U.S. 202, 216 (1982)).  "To state a § 1983 claim for violation of the

Equal Protection Clause, a plaintiff must show that he was treated in a manner

inconsistent with others similarly situated, and that the defendants acted with an intent

or purpose to discriminate against the plaintiff based upon membership in a protected

class."  *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005) (internal

quotations omitted).

Alternatively, when an action does not implicate a protected class such a race or

religion, a plaintiff may establish a "class of one" equal protection claim by alleging that

he has been intentionally treated differently from others similarly situated without any

rational basis for the difference in treatment.  *Village of Willowbrook v. Olech*, 528 U.S.

562, 564 (2000) (per curiam); *Squaw Valley Development Co. v. Goldberg*, 375 F.3d

936, 944 (9th Cir. 2004), *overruled on other grounds by Action Apt. Ass'n v. Santa

Monica Rent Control Bd.*, 509 F.3d 1020, 1025 (9th Cir. 2007).  To "'be considered

similarly situated, the class of one challenger and his comparators must be prima facie identical in all relevant respects or directly comparable in all material respects.'" *Warkentine v. Soria*, 152 F. Supp. 3d 1269, 1294 (E.D. Cal. 2016) (quoting *U.S. v. Moore*, 543 F.3d 891, 896 (7th Cir. 2008)); *see also Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992).

If plaintiff intends to pursue an equal protection claim, he should include all of his factual allegations against specifically named defendants in one section of his amended complaint.

## II.    42 U.S.C. § 1981

Plaintiff also asserts a claim under 42 U.S.C. § 1981. 42 U.S.C. § 1981 prohibits racial discrimination and provides that all persons within the jurisdiction of the United States shall "have the same rights in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property." 42 U.S.C. § 1981(a). To state a cause of action under 42 U.S.C. § 1981 plaintiff must allege that (1) plaintiff is a member of a protected class, (2) plaintiff attempted to engage in one or more of the activities enumerated in the statute (i.e. the right to make and enforce contracts, sue, give evidence, etc.) and (3) defendant intentionally denied plaintiff the right to engage in the protected activity on the basis of plaintiff's race. *Lindsey v. SLT L.A., LLC*, 447 F.3d 1138, 1144-48 (9th Cir. 2006), *De Horney v. Bank of America Nat'l Trust & Sav. Assoc.*, 879 F.2d 459, 467 (9th Cir. 1989) ("to establish a § 1981 claim, the plaintiff must prove intentional or purposeful discrimination.").

If plaintiff intends to pursue a claim under § 1981, he must allege facts to support his conclusory assertions of racial discrimination in this case. Plaintiff does not allege specifically what activity he was intentionally denied the right to participate in. He also does not specify which named defendant denied him of his right to engage in that activity.

Based on the foregoing, plaintiff's complaint fails to allege sufficient facts to state a cause of action under 42 U.S.C. § 1981.

### III.   42 U.S.C. § 1985

Plaintiff also alleges a claim under 42 U.S.C. § 1985(3). To state a violation of § 1985(3), Plaintiffs must "allege and prove four elements": (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. *United Bhd. of Carpenters & Joiners of Am., Local 610 v. Scott*, 463 U.S. 825, 828–29 (1983).

But a mere allegation of conspiracy is insufficient to state a claim. *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir.2005). Allegations identifying "the period of the conspiracy, the object of the conspiracy, and certain other actions of the alleged conspirators taken to achieve that purpose," and identifying "which defendants conspired, how they conspired and how the conspiracy led to a deprivation of ... constitutional rights," have been held sufficiently particular to properly allege a conspiracy. *Harris v. Roderick,* 126 F.3d 1189, 1196 (9th Cir.1997).

Here, Plaintiff appears to allege that the defendants conspired with each other, but he does not explain what specific actions each defendant allegedly took that violated his rights and what injuries he sustained as a result of the conspiracy. Accordingly, plaintiff also fails to state a claim under 42 U.S.C. § 1985(3).

## IV.     Statute of Limitations

The Civil Rights Act, 42 U.S.C. § 1983, contains no statute of limitations. As such, the statute of limitations from the state cause of action most like a civil rights act is used. In Washington, a plaintiff has three years to file an action. *Rose v. Rinaldi*, 654 F.2d 546 (9th Cir. 1981); RCW 4.16.080(2). Federal law determines when a civil rights claim accrues. *Tworivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). A claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996); *see also Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (quoting *Tworivers*, 174 F.3d at 992).

The Court notes that many of plaintiff's claims appear to be untimely and barred by the statute of limitations. For example, plaintiff's claims in pages 7 through 11 appear to depend entirely on events that occurred between 1994-2000. Dkt. 1 at 7-11.

Plaintiff filed this action on May 4, 2022. Therefore, claims which accrued before May 4, 2019 are time-barred. It is clear from the face of plaintiff's complaint that he knew or had reason to know of the alleged injuries which form the basis of the claims identified in the preceding paragraph well before September 22, 2014, when the statute of limitations for pursuing any Section 1983 action as to these claims expired. Plaintiff must show cause why these claims should not be dismissed.

## V.     Improper Parties: Judges and Prosecutors

Plaintiff alleges claims against several defendants, including Deputy Prosecutor Joseph Golden and Judge Van Deren. *Id.* at 9-10. Specifically, he alleges that Mr. Golden dismissed an action against Plaintiff so that he would be committed as mentally ill. *Id.* at 9. With respect to Judge Van Deren, Plaintiff alleges that she conspired with the Attorney General to commit him. *Id.* at 10.

Prosecutors, however, are entitled to absolute immunity from liability for damages under 42 U.S.C. § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). Prosecutorial immunity protects a prosecutor who "acts within his or her authority and in a quasi-judicial capacity." *Ashelman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986) (citing *Imbler*, 424 U.S. at 430-31); *see also Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 674, 678 (9th Cir. 1984) ("If the prosecutor acts as an advocate 'in initiating a prosecution and in presenting the State's case,' absolute immunity is warranted.") (quoting *Imbler*, 424 U.S. at 430-31).

Prosecutorial immunity applies, furthermore, "even if it leaves 'the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty.'" *Ashelman*, 793 F.2d at 1075 (quoting *Campbell v. Maine*, 787 F.2d 776, 778 (1st Cir.1986)).

"Judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts." *Accord Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam) (citation omitted); *Mireles v. Waco*, 502 U.S. 9, 9–12 (1991).A judge loses absolute immunity only when acting "in the clear absence of all jurisdiction or perform[ing] an act that is not judicial in nature." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam).

Even if Plaintiff disagrees with the actions taken by the Judge and prosecutor, his claims do not allege any facts to indicate that such defendants acted outside of their roles. Thus, both defendants would likely be absolutely immune for such conduct.

## VI.    Liability of Private Parties

In addition to naming several state actors as defendants, Plaintiff also named Brady Lovelady, alleged owner of Perfection Honda, and Judy Roberts, alleged owner of Rocky Mountain RV and Marine, as defendants . Dkt. 1 at 11.

Generally, private actors are not acting under color of state law. *See Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991), and cannot be sued under Section 1983. To determine whether a private actor acts under color of state law for § 1983 purposes, the Court looks to whether the conduct causing the alleged deprivation of federal rights is "fairly attributable" to the state. *Price*, 939 F.2d at 707–08. Conduct may be fairly attributable to the state where (1) it results from a governmental policy and (2) the defendant is someone who fairly may be said to be a governmental actor. *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999). A private actor may be considered a governmental actor if the private actor conspires with a state actor or is jointly engaged with a state actor when undertaking a prohibited action. *Tower v. Glover*, 467 U.S. 914, 920 (1984). Receiving federal funding and being required to follow certain federal regulations does not turn a private entity into a government actor. *See Witmer v. Greater Lakes Mental Healthcare*, No. C15-5039 BHS, 2016 WL 1161689, at *3 (W.D. Wash. 2016) (unpublished).

Here, Plaintiff has not alleged sufficient facts from which it may be fairly determined that either Ms. Lovelady or Ms. Roberts were acting under color of state

law. Further, he does not sufficiently allege that they conspired or acted in concert with a state actor. Thus, Plaintiff must show cause why these claims should not dismissed on this basis.

## CONCLUSION

Accordingly, plaintiff shall either -- show cause why his complaint should not be dismissed -- or file an amended complaint to cure those deficiencies, if possible; plaintiff shall file with the Court **on or before July 2, 2022 either: (1) a response to the show cause order, or (2) a proposed amended complaint**. If an amended complaint is filed, it must be legibly rewritten or retyped in its entirety and contain the same case number. Any cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012).

The Court will screen the amended complaint to determine whether it states a claim for relief cognizable under 42 U.S.C. § 1983. If the amended complaint is not timely filed or fails to adequately address the issues raised herein, the undersigned will recommend dismissal of this action

The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service, a copy of this Order and the *Pro Se* Information Sheet.

1    Dated this 15th day of June, 2022.

2

3

4    _____
     Theresa L. Fricke
5    United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25