UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DARNELL O MCGARY,<br><br>     Plaintiff,<br><br>  v.<br><br>JAY INSLEE,<br><br>     Defendants. | Case No. C22-5310 DGE<br><br>REPORT AND RECOMMENDATION |

  Plaintiff brings this action under 42 U.S.C . § 1983 and 42 U.S.C . § 1981[1] against various persons in Washington and New Mexico, including Governor Jay Inslee, Deputy Prosecutor Joseph Golden and Judge Van Deren. He also names former employers as defendants. He claims that he was wrongfully involuntarily committed as a sexually violent predator to the Washington State Department of Social and Health Services, and the named defendants conspired against him to do so.

  Plaintiff is proceeding *pro se* and has made a motion to proceed *in forma pauperis* (IFP), which the Court has not granted. After reviewing plaintiff's proposed complaint, the Court ordered plaintiff to either amend his complaint or show cause why it should not be dismissed. Dkt. 5.

---

[1] Plaintiff originally also raised a Section 1985 claim, but he did not address the deficiencies the Court raised in the Order to Show Cause in his response. Dkt. 5 at 6. Thus, the Court will not address this claim again in this Report and Recommendation.

REPORT AND RECOMMENDATION - 1

Plaintiff responded to the Court's order to show cause on August 1, 2022. Dkt 8. The Court having reviewed the response and the record, recommends that plaintiff's IFP application be denied.

## DISCUSSION

**A.     Legal Standards**

The Court has screened plaintiff's complaint under 28 U.S.C. § 1915A(a), and must "dismiss the complaint, or any portion of the complaint, if it is: (1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b); *accord* § 1915(e)(2); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

I.     42 U.S.C. § 1983

To sustain a § 1983 civil rights claim, plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, plaintiff must allege facts showing how

individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

II.     Civil Conspiracy

Plaintiff attempts to show cause how he has stated a Section 1983 claim in his complaint. However, his response to the order to show cause does not resolve the deficiencies addressed by the Court- i.e., his allegations are vague, conclusory and implausible. He claims that the defendants conspired against him to involuntary detain him as a sexual predator.

A civil conspiracy is a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage. *Gilbrook v. City of Westminster*, 177 F.3d 839, 856 (9th Cir. 1999). To prove a civil conspiracy, the plaintiff must show that the conspiring parties reached a unity of purpose or common design and understanding, or a meeting of the minds in an unlawful agreement. *Id*. To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy. *Id*. A defendant's knowledge of and participation in a conspiracy may be inferred from circumstantial evidence and from evidence of the defendant's actions. *Id*. at 856–57. Conclusory allegations of conspiracy are not enough to support a § 1983 conspiracy claim. *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir.1989) (per curiam).

To state a cause of action for conspiracy, plaintiff must allege the conspiracy resulted in overt acts that "were done in furtherance of the conspiracy, that are both the

1   cause in fact and proximate cause of plaintiffs' injuries." *Sanchez v. City of Santa Ana,*
2   936 F.2d 1027, 1039 (9th Cir. 1990).

3        Here, plaintiff failed to state more than conclusory allegations regarding the
4   conspiracy. He also only discusses a few of the named defendants in his response,
5   even though he names several private parties in his complaint and the Court informed
6   plaintiff that he did not sufficiently allege that those defendants were acting under color
7   of state law or conspired or acted in concert with a state actor.

8        Further, in response to the Court's observation that many of plaintiff's claims
9   appear to be untimely and barred by the statute of limitations, plaintiff states that his
10  claims "accrued as continuous acts." Dkt. 8 at 2. He asserts this conspiracy claim is not
11  time-barred because it is pled as a continuing tort, thus tolling the statute of limitations.
12  Plaintiff sets forth his conspiracy claim to connect all of the pre-2019 conduct with the
13  post-2019 conduct, and argues that his claims are timely for all the alleged conduct.

14       The relevant statute of limitations is the three-year torts statute of limitations
15  under Washington law. RCW 4.16.080(2); *Wallace v. Kato,* 549 U.S. 384, 387 (2007).
16  Although state law defines the length of time of the statute of limitations, federal law
17  determines when a Section 1983 cause of action accrues and when the limitations
18  period begins to run. *Id.,* at 388; *Lukovsky v. City & County of San Francisco,* 535 F.3d
19  1044, 1048 (9th Cir. 2008).

20       Under the "continuing tort" or "continuing wrong" doctrine, "[w]hen a tort involves
21  continuing wrongful conduct, the statute of limitations does not begin to run until that
22  conduct ends. The doctrine applies where there is 'no single incident' that can 'fairly or
23  realistically be identified as the cause of significant harm.'" *Flowers v. Carville*, 310 F.3d

1118, 1126 (9th Cir.2002). Under federal law, the claim accrues at the time a plaintiff "knows or has reason to know of the injury that is the basis of the action and the cause of that injury." *Gregg v. Hawaii, Dep't of Pub. Safety,* 870 F.3d 883, 886-87 (9th Cir. 2017). The Ninth Circuit applies the last overt act doctrine to conspiracy claims under 42 U.S.C. § 1983, i.e., "[i]njury and damage in a civil conspiracy action flow from the overt acts, not from the 'mere continuance of a conspiracy.'" *Gibson v. United States,* 781 F.2d 1334, 1340 (9th Cir. 1986), *cert. denied,* 479 U.S. 1054 (1987); .

Even though the Ninth Circuit holds that Section 1983 claims are subject to the continuing violation doctrine, "[a] continuing violation is occasioned by continual unlawful acts, not by continual ill effects from an original violation. " *Ward v. Caulk*, 650 F.2d 1144, 1147 (9th Cir. 1981). Here, the last overt act, and alleged "original violation" – i.e., plaintiff being involuntary committed as a sexually violent predator -- occurred well before 2019. Under the last overt act doctrine, the cause of action would run separately from each overt act that plaintiff alleges caused damage to him – not from the "mere continuance of a conspiracy". *Gibson v. United States,* at 1340. While plaintiff may still be dealing with the effects from this alleged violation, this is insufficient to save his claim based on the facts as presented by plaintiff. Thus, even if plaintiff's allegations were not conclusory or vague, many, if not all, of plaintiff's claims would still be barred as untimely.

III.    Improper Parties: Judges and Prosecutors

Finally, plaintiff argues that no party is entitled to immunity in this action. Dkt. 8, at 5. He appears to be referring to the Court's statement in the order to show cause that Deputy Prosecutor Joseph Golden and Judge Van Deren would be entitled to absolute

immunity for damages under 42 U.S.C. § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). *See also* Dkt. 5 at 8. Prosecutorial immunity applies, "even if it leaves 'the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty.'" *Ashelman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986) (quoting *Campbell v. Maine*, 787 F.2d 776, 778 (1st Cir.1986)). Plaintiff again does not allege facts to indicate that such defendants acted outside of their roles. His statements reflect his disagreement with their actions, which is insufficient for such defendants to lose immunity.

## CONCLUSION

For the foregoing reasons, the undersigns recommends that the Court DENY Plaintiff's IFP application.

A plaintiff is not entitled to submit written objections to the Magistrate Judge's report and recommendation that IFP status should be denied. *Minetti v. Port of Seattle,* 152 F.3d 1113, 1114 (9th Cir. 1998)(per curiam).

Denial of a motion to proceed IFP is an immediately appealable order. *Tripati v. Rison,* 847 F.2d 548, 548-549 (9th Cir. 1988).

Dated this 31st day of August, 2022.

Theresa L. Fricke
United States Magistrate Judge

- 6

- 7